Graves *v.* Wood.

<hr/>

## MARY ELLA GRAVES

*v.*

## FREDERIC WOOD et al.

Complainant and defendant were owners of adjoining tracts of land, and both derived title, by sundry mesne conveyances, from the same grantor. To complainant's bill to rectify the description of his tract in his deed, the defendant filed an answer and cross-examined complainant's witnesses, but offered no evidence of his own.—*Held*, on decree for complainant, that defendant was not liable for the costs of the suit, notwithstanding the fact that the bill was filed not only to rectify the deed, but also to quiet the complainant's title, so far as it was affected by the mistake.

<hr/>

Bill to reform deed and quiet title.

*Mr. J. F. Randolph*, for complainant.

*Mr. G. F. Werts,* for Frederick Wood.

THE CHANCELLOR.

The bill is filed to rectify a deed given to Mrs. Anna Cobb, January 25th, 1867, by Benjamin F. Howell and wife for a lot of land in Morristown. The property was conveyed by Mrs. Cobb and her husband to the complainant May 14th, 1868, and she has owned it ever since. The mistake alleged, and which this suit is brought to correct, is in the statement of the distance of the beginning point in the description of the property from the corner of Mr. Howell's house. The distance stated in the deed is two feet less than it ought to have been. None of the persons who are made parties defendant have answered, except Mr. Wood. He owns property adjoining that of the complainant, and derives his title to it under a conveyance from Mr. Howell to John Bates, made subsequently to the conveyance by Mr. Howell to Mrs. Cobb. There is no doubt that the statement of distance in question is erroneous. The error was not known to any of the parties, until quite recently. It appears to have been made in writing the description of the property in the deed from the surveyor's notes furnished for the purpose. Very soon after the conveyance to Mrs. Cobb the lot sold to her was actually located by fences, and it has so remained ever since. Mr. Wood had notice by the location of the claim of the owner of the lot to such location. He and his grantor, when they bought his land, supposed that the location was correct, and described the Wood property as beginning at the corner of the complainant's lot.

The error arose from mutual mistake, and neither Mr. Wood nor any other of the defendants have any equity which forbids the rectification of the deed. It will therefore be reformed. The bill is filed not only to correct the error, but to quiet the title to the complainant's land, so far as it is affected by the mistake. Mr. Wood answered, denying the existence of the alleged error, but he produced no evidence. By his counsel, he cross-examined witnesses produced by the complainant, and appeared at the hearing. The complainant insists that he should be required to pay costs. Though the bill has a double char-

acter, yet it is, in fact, merely a bill to rectify the description in the deed, and the circumstances are not such as that Mr. Wood should be required to pay costs. He was in no wise responsible for the mistake, and owed the complainant no duty in respect to the correction of it. The mistake was not within his knowledge. The complainant calls him into court in order that the mistake might be corrected for her advantage. She called upon him to answer, and he did so. She undertook to establish the existence of the mistake by proof, and has succeeded. He offered no evidence in opposition to that which she produced, but submitted the matter to the judgment of the court upon the evidence adduced by her.

There will be no award of costs to either party.